**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **AIRBNB, INC.,** | |
| **Plaintiff/Counterclaim-Defendant,** | |
| **v.** | **Case No. 2:25-cv-02702-JMK-JBW** |
| **ALAN TILLMAN,** | |
| **Defendant/Counterclaim-Plaintiff.** | |

**MEMORANDUM AND ORDER**

The posture of this matter is somewhat convoluted. Plaintiff/Counterclaim-Defendant Airbnb, Inc. filed a Motion to Dismiss Counterclaims and Strike Affirmative Defenses (Doc. 30) asserted by Defendant/Counterclaim-Plaintiff Alan Tillman in his Answer and Counterclaim (Doc. 27) to Airbnb's Amended Complaint (Doc. 24). In response to that motion, Tillman filed both a Response in Opposition (Doc. 33) and an Amended Answer and Counterclaim (Doc. 32). Confusion about which pleadings and briefs were operative followed, resulting in Airbnb filing both a Reply (Doc. 35) in support of their original Motion to Dismiss and Strike, as well as a Motion to Dismiss and Strike the Amended Answer and Counterclaim (Doc. 36). Tillman did not file a response to the new motion to dismiss.

As explained below, the Court finds that Tillman timely amended his Answer and Counterclaim as a matter of course, and grants in part, and denies in part, Airbnb's Motion to Dismiss and Strike the same.

## I.    BACKGROUND

Airbnb brings this action appealing an order issued by the Trademark Trial and Appeal Board ("the Board") of the United States Patent and Trademark Office denying Airbnb's petition

to cancel Alan Tillman's registration that covers the mark "Complete BNB." Doc. 24 at 1–9. Airbnb filed its initial Complaint on December 1, 2025. Doc. 1. Tillman, proceeding pro se, filed an Answer and Counterclaim to Airbnb's original Complaint on December 26, 2025. Doc. 6. In March 2026, Airbnb sought, and was granted, leave to amend its Complaint. Docs. 22–23. Airbnb filed its Amended Complaint on March 13, 2026. Doc. 24. In the Amended Complaint, Airbnb appeals the Board's decision and also asserts that Tillman has abandoned his mark, and therefore seeks cancellation of Tillman's registration on those grounds, as well. *Id.* at 10–11. Tillman filed an Answer to the Amended Complaint and Counterclaim on March 27, 2026. Doc. 27.

Tillman asserted the following counterclaims: Count I – declaratory judgment that no confusion exists regarding the respective marks; Count II – declaratory judgment that Tillman's mark does not dilute Airbnb's mark; Count III – declaratory judgment that Tillman has not abandoned his mark; Count IV – declaratory judgment that Airbnb does not have exclusive rights in the term "BNB;" Count V – trademark misuse; Count VI – unfair competition; and Count VII – a claim for attorney's fees. *Id.* at 6–7. The Answer also raised the affirmative defense of unclean hands. *Id.* at 5.

On April 10, 2026, Airbnb moved to dismiss Counts V and VI and to strike the affirmative defense of unclean hands. Docs. 30–31. On April 13, 2026, Tillman filed both an Opposition to Airbnb's Motion to Dismiss and an Amended Answer and Counterclaim. Docs. 32–33. The response in opposition to Airbnb's Motion to Dismiss asserts that Tillman's counterclaims state a claim sufficient to survive Rule 12(b)(6), and alternatively, requests leave to amend his counterclaims. Doc. 33 at 2–4. The Amended Answer to the Amended Complaint and Counterclaim is slightly different than the original Answer to the Amended Complaint. *Compare*

Doc. 27 *with* Doc. 32. Notably, the Amended Answer and Counterclaim abandoned a claim for trademark misuse.

Airbnb filed both a Reply in Support of its Motion to Dismiss and a Motion to Dismiss directed at the Amended Answer and Counterclaim. Docs. 35–36. The Reply addresses Tillman's arguments in opposition to its Motion to Dismiss the claims in the original Counterclaim to the Amended Answer. Doc. 35. And the Motion to Dismiss the Amended Counterclaims notes that Airbnb "understands that the Amended Answer and Counterclaims is not yet the operative pleading and will only become operative if the Court so orders." Doc. 36. Nevertheless, in an abundance of caution, Airbnb advanced arguments directed at the Amended Counterclaim—largely by referring to the arguments directed at the original counterclaims. *Id.* at 2–4.

As for Tillman, it is not clear which pleading—the original or amended counterclaim—Tillman believes is operative and controlling at this point. Tillman did not file a response in opposition to Airbnb's Motion to Dismiss the Amended Counterclaims.

## II.     LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A court accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.*

Because Tillman proceeds pro se, the Court construes his pleadings liberally and holds him to a less stringent standard than lawyers. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). But the Court cannot construct legal theories on Tillman's behalf or assume facts not pled. *Id.*

### III.    ANALYSIS

**A.    Tillman was entitled to amend his Answer to the Amended Complaint as a matter of course.**

Before the Court can rule on Airbnb's Motion to Dismiss and Strike, a more fundamental question needs answering: what counterclaims and affirmative defenses are at issue? Airbnb's position is that the original Answer and Counterclaim are still operative and Tillman's position is unknown. But to the Court, it seems rather clear that the Amended Answer and Counterclaim, Doc. 32, controls.

Although the Amended Answer and Counterclaim was the third such pleading Tillman has filed, it is his first amended pleading. His first answer and counterclaim was the original answer and counterclaim to the original complaint. Doc. 6. The second answer and counterclaim was the original answer to the amended complaint. Doc. 27 And so, the most recent answer and counterclaim is the first amended answer and counterclaim that Tillman has filed. Doc. 32. Tillman filed his Amended Answer to the Amended Complaint and Counterclaim on April 13, 2026, which was three days after Airbnb filed its responsive pleading to Tillman's original Answer to the Amended Complaint and Counterclaim.

A pleading to which a responsive pleading is required—such as a counterclaim—can be amended once, as a matter of course, within 21 days after service of a motion under 12(b). Fed. R.

Civ. P. 15(a)(1)(B). Because Doc. 32 was Tillman's first, and only, attempt to amend his Answer to the Amended Complaint and Counterclaim, and because it was filed just three days after Airbnb filed its Motion to Dismiss and Strike, Tillman was entitled to file his amended pleading as a matter of course.

The confusion for Airbnb seems to arise from the fact that, concurrent with this filing of an amended pleading, Tillman also filed a response in opposition to Airbnb's motion to dismiss, and in that response, sought leave to amend his counterclaim. Doc. 33. That confusion is fair, but Tillman's inconsistent filings are inconsequential.

> If a party erroneously moves for leave to amend before the time for amending as of course has expired, several courts have held that the amendment should not be handled as a matter addressed to the court's discretion but should be allowed as of right. This seems sound since in most cases, a party who makes a motion to amend before the period for amendment as of course has expired does so inadvertently and treating the amendment as if it had been made under Rule 15(a)(1) avoids penalizing the pleader for not understanding the rule.

6 Wright & Miller, Federal Practice & Procedure § 1482 (4th ed. 2026); *see also Vitumukiza v. Watson*, 2024 WL 4534262, at *1 (N.D. Ohio Oct. 21, 2024) ("The fact that Vitumukiza asked the Court for permission to amend his petition does not alter the fact that he may, as a matter of course, amend his petition.").

The Court therefore finds that Tillman's Amended Answer to the Amended Petition and Counterclaim (Doc. 32) is the controlling pleading. And yet, having amended his answer and counterclaim, Tillman has not sufficiently defended it. The Motion to Dismiss and Strike that Airbnb filed regarding the Amended Answer and Counterclaim has gone unresponded to. Still, given the confused nature of the docket, the fact that Airbnb's Motion to Dismiss the Amended Answer and Counterclaim largely references the briefing regarding the original pleading, and Tillman's pro se status, the Court will consider both the merits of Tillman's Amended Answer and

Counterclaim, and the arguments he advanced regarding the Motion to Dismiss the original Answer and Counterclaim. *See May v. Garcia*, 2026 WL 705213, at *2 (D. Kan. Mar. 13, 2026) (noting that pro se litigants are entitled to liberal construction of their pleadings); *Smith v. Belcher*, 2012 WL 137879, at *1 (D. Kan. Jan. 18, 2012) (Court exercising its discretion to consider merits of complaint even though pro se plaintiff did not respond to defendant's motion to dismiss).

### B.    The Court grants Airbnb's Motion to Dismiss Tillman's counterclaims.

#### 1.    Tillman fails to state a claim for trademark misuse.

Despite the confusion mentioned above, one thing is crystal clear: Tillman has abandoned his affirmative claim for trademark misuse. The original Answer to the Amended Complaint and Counterclaim asserted an affirmative claim for trademark misuse. Doc. 27. Airbnb moved to dismiss that claim, asserting that trademark misuse is only an affirmative defense, and cannot be brought as an affirmative claim for recovery. Tillman simultaneously filed his response in opposition to Airbnb's motion and his Amended Answer and Counterclaim. Both documents reveal an intent to abandon any claim for trademark misuse. Tillman did not argue the point in his response to Airbnb's motion and, more to the point, the Amended Answer and Counterclaim does not contain a claim for trademark misuse. Because this claim has been abandoned, the Court grants Airbnb's motion to dismiss the same. *Cl. G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (affirming district court's dismissal of a claim not addressed in the plaintiff's response to the defendant's motion to dismiss).

#### 2.    Tillman fails to state a claim for a violation of Section 43(a) of the Lanham Act.

Count V of the Amended Counterclaim asserts that Airbnb's "pattern of enforcement constitutes unfair competition." Doc. 32 at ¶ 51. Specifically, Tillman cites a violation of 15 U.S.C. § 1125(a), or Section 43(a) of the Lanham Act. In making that assertion, Tillman incorporates the

preceding paragraphs of his Answer and Amended Counterclaim. As far as the Court can tell, the allegations relating to Count V are that Airbnb "has engaged in a pattern of overbroad trademark enforcement designed to suppress lawful competition" and "has pursued enforcement actions against entities using the term "BNB" including "Soul BNB" and "Hair BNB." *Id.* at ¶¶ 27–28. Tillman alleges that BNB is a widely used abbreviation for the term "bed and breakfast," and therefore, Airbnb's enforcement strategy reflects "an attempt to monopolize descriptive terminology." *Id.* at ¶¶ 29–30.

In its Motion to Dismiss the Amended Answer and Counterclaims, incorporating its Motion to Dismiss the original counterclaim, Airbnb argues that Section 43(a) of the Lanham Act only encompasses two types of unfair competition: trademark or trade dress infringement and false advertising. Airbnb also asserts that the allegations underlying Tillman's unfair competition claim are conclusory and devoid of well-pleaded facts.

In his response in opposition to Airbnb's Motion to Dismiss Tillman's original counterclaim, Tillman asserts he has properly alleged a violation of Section 43(a) by alleging that Airbnb (a) engages in a pattern of enforcement targeting descriptive terminology; (b) seeks to suppress lawful competition instead of preventing confusion; and (c) has caused him economic harm. Doc. 33 at 3.

Section 43(a) of the Lanham Act provides a private right of action for someone who is damaged by:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as

> to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

18 U.S.C. § 1125(a). Section 43(a) is "limited in scope and does *not* create a federal, all-encompassing ban on all sorts of behavior that could be classified as 'unfair competition.'" 4 McCarthy, Trademarks and Unfair Competition § 27:7 (5th ed. 2026).

> Since there is no such an all-encompassing federal law, a Complaint count that simply alleges § 43(a) "unfair competition," without more, must be dismissed. Section 43(a) is limited to two types of legal claims: (1) infringement of unregistered marks and trade dress; and (2) false advertising.

*Id.*; *see also Dastar Corp. v. Twentieth Cent. Fox Film Corp.*, 539 U.S. 23, 29 (2003) (noting that Section 43(a) applies "only to certain unfair trade practices prohibited by its text"); *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 116 (2d Cir. 2010) (Livingston, J., concurring) ("Subsection (A) protects against the 'infringement of even unregistered marks, names, and trade dress' (sometimes described as a prohibition of 'false association') while subsection (B) prohibits 'false advertising.'").

The Amended Counterclaim alleges neither trademark infringement nor false advertising; rather, Tillman's claims under § 43(a) of the Lanham Act arise out of alleged unfair enforcement practices. Because § 43(a) is limited to certain claims, which do not include claims of unfair enforcement practice, Tillman fails to state a claim for relief for a violation of § 43(a). Airbnb's Motion to Dismiss Count V of the Amended Counterclaim is granted.

**3.     Tillman fails to state a claim for declaratory relief supporting equitable relief.**

The Amended Answer and Counterclaim also added a counterclaim—Count VI—for "declaratory relief supporting equitable defenses." Airbnb moves to dismiss this counterclaim, as well.

In support of Count VI, Tillman incorporates the other allegations in his Amended Answer and Counterclaim, and asserts that "Plaintiff's conduct supports equitable defenses including unclean hands." Doc. 32 at 5. The Court grants Airbnb's motion to dismiss count VI. For starters, Count VI is not supported or accompanied by any well-pleaded facts. It is completely conclusory. *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024). Additionally, this counterclaim and Tillman's affirmative defenses are entirely redundant. By its very language, the counterclaim for declaratory judgment asserts that Airbnb's conduct "supports [Tillman's] equitable defenses." A counterclaim that is a mirror image of an affirmative defense, and that would be necessarily resolved in the resolution of the affirmative defense, is subject to dismissal. *See Sprint Nextel Corp. v. Middle Man, Inc.*, 2013 WL 1197137, at *2 (D. Kan. Mar. 25, 2013); *see also Mount v. America's Insured, LLC*, 2023 WL 4455489, at *5 (M.D. Fla. July 11, 2023); *Washington v. Landmark Techn. A, LLC*, 2023 WL 2527173, at *2 (W.D. Wash. Mar. 15, 2023); *OrthoPediatrics Corp. v. Wishbone Med., Inc.*, 2022 WL 4529382, at *4 (N.D. Ind. Sept. 28, 2022); *Epic Games, Inc. v. Acceleration Bay LLC*, 2020 WL 1557436, at *3 (N.D. Cal. Apr. 1, 2020).

**C.     The Court denies Airbnb's Motion to Strike Tillman's unclean hands defense.**

Lastly, Airbnb moves to strike Tillman's affirmative defense of unclean hands. The standard for such motions is a bit murky in this District, with Courts split on the issue of whether the *Twombly/Iqbal* pleading standard applies to affirmative defenses. *Compare Flyland Designs,*

*Inc. v. Jake's Fireworks, Inc.*, 2024 WL 3252335, at \*2 (D. Kan. July 1, 2024), *and Kinsale Ins. Co. v. Brandon Steven Motors, LLC*, 2019 WL 1953129, at \*2 (D. Kan. May 2, 2019) *with Clark v. Newman Univ., Inc.*, 2021 WL 2024891, at \*6 n.2 (D. Kan. May 21, 2021), *and Ross v. Sharp One, Inc.*, 2019 WL 5188673, at \* 1–2 (D. Kan. Oct. 15, 2019).

Adding to the uncertainty regarding the *Twombly/Iqbal* standard are two other standards at play here. The first is the standard under Rule 12(f), which is onerous to the movant.

> Rule 12(f) affords the court broad discretion to strike from a pleading an insufficient defense. Motions to strike insufficient defenses are disfavored as a drastic remedy. Thus, the movant bears a burden that has been described as both demanding and formidable. Motions to strike a defense should be granted only when the allegations contained in the defenses are wholly unrelated to the controversy and may be prejudicial to one of the parties. If there is any doubt as to whether a certain matter may raise an issue, the motion should be denied.

*Sallaj v. Howard*, 2026 WL 772446, at \*3 (D. Kan. Mar. 19, 2026) (citation cleaned up). On top of that, Tillman's pro se status requires that the Court construe his pleadings—including his affirmative defenses—liberally, and hold it to less stringent standards than formal pleadings drafted by attorneys. *Eaves v. Polis*, 167 F.4th 1304, 1308 (10th Cir. 2026).

Taking these various standards into account, the Court declines to strike Tillman's unclean hands defense at this stage. In a trademark case, an unclean hands defense can bar recovery if the plaintiff's "inequitable conduct is 'related to the plaintiff's cause of action.'" *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013) (quoting *Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004). The Court recognizes that Tillman's allegations are not a model of clarity and relate mostly to Airbnb's otherwise protected enforcement conduct. *E.g.*, *adidas-America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1078 n.18 (D. Or. 2008). But construing Tillman's pleadings liberally—as it must—the Court cannot conclude that Tillman's defense is "wholly unrelated to the controversy" to the level of prejudicing Airbnb. *Sallaj*, 2026

WL 772446, at *3. Airbnb is free to test Tillman's defense in discovery and can challenge that defense at the summary judgment stage if it is not supported by any admissible evidence or viable legal theories. But for now, Airbnb's motion to strike is denied.

## IV.    CONCLUSION

As explained herein, the Court grants Airbnb's motions to dismiss Tillman's counterclaims. Counts V and VI of the Amended Answer and Counterclaim—as well as any claim for trademark misuse—are dismissed with prejudice. The Court denies Airbnb's motion to strike Tillman's affirmative defense of unclean hands.

THE COURT THEREFORE ORDERS that Airbnb's Motion to Dismiss and Strike the Amended Answer and Counterclaims (Doc. 36) is GRANTED IN PART and DENIED IN PART.

THE COURT FURTHER ORDERS that Airbnb's Motion to Dismiss and Strike the Answer and Counterclaim (Doc. 30) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: August 6, 2026                 s/ Jeffrey M. Kuhlman
                                      JEFFREY M. KUHLMAN
                                      UNITED STATES DISTRICT JUDGE