**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **Airbnb, Inc.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Alan Tillman,**<br><br>**Defendant.** | **Case No. 2:25-cv-02702-JMK-JBW** |

**MEMORANDUM AND ORDER**

This action is an appeal of a Trademark Trial and Appeal Board order, which denied Airbnb, Inc.'s ("Airbnb") petition to cancel Defendant Alan Tillman's trademark registration. Airbnb has moved to redact and moved to seal various exhibits filed with the Court during litigation under D. Kan. Rule 5.4.2. Tillman filed a response in opposition.[1] The Court grants Airbnb's Motion to Redact under D. Kan. Rule 5.4.2 and denies Airbnb's Motion to Seal because Airbnb has only fully complied with the Court's Local Rules in its Motion to Redact.

## I. LEGAL STANDARD

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589). "This right, however, is not absolute. The presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (internal quotation marks omitted) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.

[1] Tillman's response was filed after the deadline, but Airbnb did not raise an untimeliness issue in its reply. Doc. 101. Either way, "the right of access protects the public, not just the parties. So [the Court] independently decide[s] whether sealing is appropriate even when no party objects." *McWilliams v. Dinapoli*, 40 F.4th 1118, 1131 (10th Cir. 2022).

1988)). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* Under D. Kan. Rule 5.4.2(c), motions to seal must include:

"(1) a description of the specific portions of the document . . . that the Proponent asks the court to maintain under seal or allowed to be redacted, which must be narrowly tailored to the asserted confidentiality interest;

(2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access . . . ;

(3) a clearly defined and serious injury that would result in the absence of restricting public access;

(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question;

(5) the extent to which the motion is opposed or unopposed, if known . . . ."

*See also Uhlig LLC v. CoreLogic, Inc.*, 2024 WL 1703557, at *1 (D. Kan. Apr. 19, 2024) ("The party seeking to deny public access almost must comply with our local rule.").

## II. ANALYSIS

Airbnb moves for redactions on one group of documents (Docs. 82 & 82-1 through 82-4) and moves to seal the entirety of a separate group of documents (Doc. 82-5 through Doc. 82-45, excluding Docs. 82-17, 82-20, 82-22, 82-23, 82-26, 82-34, 82-36, 82-38, 82-39, 82-41, & 82-44). Doc. 95 at 2–4. Airbnb requests sealing of documents and redaction of material with information of its marketing strategies and expenditures, intellectual property enforcement strategies and targets, and proprietary data regarding customer account records. *Id.* at 6–11. Airbnb presents a confidentiality interest in protecting its business interests and safeguarding its proprietary data. *Id.*

at 7, 9–11. Airbnb also defines the serious injuries that would result from public access to the documents, specifying the type of injury that would result based on the specific information that could be obtained from each document. *Id.* at 7, 9–11. Further, Airbnb has explained why restricting public access would be a sufficient safeguard for protecting its confidentiality interest. *Id.* at 7, 9, 11. And Airbnb anticipated no objection to its motion. *Id.* at 2–4.

The Tenth Circuit has allowed sealing of documents reflecting a party's finances and business practice. *Parker v. United Airlines, Inc.*, 49 F.4th 1331, 1343 (10th Cir. 2022); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"). Accordingly, Airbnb has complied with most of the requirements under D. Kan. Rule 5.4.2(c). But even with a validly asserted confidentiality interest, motions to seal and/or redact material must still be limited to "specific portions of the document . . . narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c); *see also AGI Suretrack, LLC v. OPIsystems Inc.*, 2026 WL 2035841, at *2 (D. Kan. July 15, 2026) (denying a motion to seal, in part because the plaintiff failed to highlight the specific portions of the documents that should be sealed or redacted).

Airbnb has submitted documents with requested redactions limited to the excerpts that directly implicate its confidentiality interests, pursuant to D. Kan. Rule 5.4.2(c). Its request to maintain documents under seal, on the other hand, includes a significant amount of information that Airbnb has personally sent to third parties. *See e.g.*, 82-21, 82-24, & 82-27.[2] The Court does

---

[2] The personal identifying information included in these letters may be confidential, but the Court doubts Airbnb can maintain a confidentiality interest in the content of communications it has willingly sent to others.

not find that wholesale sealing of these documents is warranted and will not endeavor to wade through various documents to determine whether any information contained should be sealed or redacted. *See AGI Suretrack, LLC*, 2026 WL 2035841, at *2. It is incumbent upon Airbnb to narrowly tailor its request to specific portions of the document that must be sealed or redacted to protect its confidentiality interest. *See* D. Kan. Rule 5.4.2(c); *see also Duncan v. City of Topeka, Kansas*, 2026 WL 2525693, at *5 (denying a motion to seal documents in their entirety because it was not narrowly tailored to the asserted confidentiality interests). Airbnb has complied with the Court's narrow tailoring requirement only its Motion to Redact. Accordingly, Airbnb's Motion to Redact is granted and its Motion to Seal is denied without prejudice. Airbnb may file a renewed motion to seal or redact that more narrowly tailors its proposed redactions. Any renewed motion to seal or redact material must be filed with 10 calendar days of this order.

## III. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Motion to Redact (Doc. 95) is GRANTED and Plaintiff's Motion to Seal (Doc. 95) is DENIED WITHOUT PREJUDICE. Plaintiff may file a motion seeking to redact or seal material in the exhibits within 10 calendar days of this order.

IT IS SO ORDERED.

Dated: October 16, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE